IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHRISTOPHER MICHAEL FORNEY,**

   **Petitioner,**

v.              Civil Action No. 2:10cv128
                (Judge Bailey)

**WARDEN DAVID BALLARD,**

   **Respondent.**

## REPORT AND RECOMMENDATION

   This case was initiated on November 18, 2010, by the filing of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. In the petition, the *pro se* petitioner challenges a conviction and sentence imposed in the Circuit Court of Morgan County, West Virginia. Presently before the Court is the respondent's answer and motion to dismiss the petition for the failure to exhaust available state remedies. Petitioner filed a reply to the respondent's motion on March 8, 2011.

### I. Factual and Procedural Background

**A. Petitioner's Conviction and Sentence**

   According to the parties, a Grand Jury sitting in Morgan County, West Virginia, returned an indictment charging petitioner with one count of first degree sexual assault, one count of first degree sexual abuse, and one count of contributing to the delinquency of a minor. (Doc. 18-1). After a bench trial, petitioner was convicted on all three counts on May 22, 2001. (Doc. 18-2). By Order entered February 22, 2002, petitioner was sentenced to fifteen to thirty-five years on Count 1, one

to five years on Count 2, and one year in county jail on Count 3, each sentence to run consecutively. (Doc. 18-3). Subsequently, the court *sua sponte* ordered that the sentences run concurrently to each other. (Doc. 18-6, pp. 3-4).

## B. **Direct Appeal**

Petitioner appealed his conviction and sentence to the West Virginia Supreme Court of Appeals ("WVSCA") on August 14, 2003. In his appeal, petitioner asserted the following grounds for relief:

(1) Petitioner says this trial court judge, the Honorable Gray Silver, III, committed reversible and prejudicial error when he failed to grant a Judgment of acquittal at the close of the State's case-in-chief and again at the conclusion of all this evidence in violation of Article III, Section 14 of the West Virginia Constitution as the State failed to prove by a preponderance of the evidence that the venue where the charged offense occurred was in Morgan County, West Virginia.

(2) Petitioner says the trial court erred by failing to insure that his decision to be tried by the court without a jury was a knowing, voluntary and intentional waiver of his right to a jury trial pursuant to the Sixth Amendment of the West Virginia Constitution.

(3) Petitioner says it was reversible and prejudicial error and ineffective assistance of counsel for his attorney to have failed to file a motion pursuant to Rule 12(b)(3) of the West Virginia Rules of Criminal Procedure and Request that the trial court judge conduct a voluntariness hearing regarding the admissibility of his statement and it was reversible and prejudicial error of the trial court judge to fail to inquire of th Petitioner in court whether the decision to waive his right to a voluntariness hearing was knowing, intelligent and voluntary.

(Doc. 18-4, pp. 3-67).

Petitioner's direct appeal was denied by the WVSCA on November 19, 2003.(Doc. 18-4, p. 2).

## C. **Petitioners' State Habeas Proceedings**

In his first state habeas petition, filed on December 1, 2003, petitioner raised the following grounds for relief:

(1)   Trial was held knowingly and illegally in the wrong jurisdiction.

(2)   Ineffective assistance of trial counsel and coerced confession.

(3)   The Prosecutor represented me in another matter as the felony victim (witness).

(4)   State Trooper Platt took statements from both me and the victim alleging that these offenses occurred in Hampshire County, then he perjured himself under oath.

(5)   These things were presented at bench trial then feloniously covered up by a corrupt Judge Silver after falsifying the evaluations, PSI report, and sentencing report. The Sentencing Report offered my wrong name, criminal record, and age of the victim.

(6)   The conflict of interest with David Savasten [state prosecutor] was not argued at the bench trial.

(7) Other issues to be discussed with appointed counsel.

(Doc. 18-8).

After counsel was appointed, petitioner filed an amended petition and Losh checklist in which he listed the following grounds for relief:

(1)   Petitioner received ineffective assistance of counsel in violation of the sixth amendment to the United States Constitution and Article III of the West Virginia Constitution

(2)   Petitioner was denied his right to have a trial conducted in the venue where the charged offense occurred in violation of Article III of the United States Constitution and Article III of the West Virginia Constitution.

(3)   Petitioner received a sentence that was in violation of the Eighth Amendment to the United States Constitution and Article III of the West Virginia Constitution.

(3:05cv124, Doc. 11-9).

The State court held a two-day evidentiary hearing on petitioner's claims and by Order dated

May 16, 2005, petitioner's state habeas petition was denied. In its final order, the state habeas court found that the petitioner had waived all of his claims pursuant to Losh v. McKenzie[1], 277 S.E.2d 606 (W.Va. 1981) except: ineffective assistance of counsel; improper venue; and severer sentence than expected. Pursuant to the Court's final order, petitioner's habeas counsel was authorized to pursue any potential appeals to the court's final order. In addition, the Court directed the Circuit Clerk to send a certified copy of the final order to the State Supreme Court. (Doc. 18-9).

On October 27, 2005, petitioner filed an "Addendum to Writ of Habeas Corpus Subjiciendum Pro-Se" directly with the WVSCA. (3:05cv124, Doc. 11-11). In his docketing statement, which was not received by the court until November 7, 2005, the petitioner alleged:

> The petitioner argues trial court corruption and has already had the judicial investigation into these things. The circuit court did not have the venue to prosecute this case, thus the petitioner sends this pro-se addendum to the petition that [state habeas counsel] Christopher Prezioso sent in May of this year 2005.

(3:05cv124, Doc. 11-13, p. 2).

However, there is no record of this filing. In fact, there is no evidence that either the petitioner or habeas counsel appealed the habeas court's May 16, 2005 order within the appeal period. On November 8, 2005, Deputy State Supreme Court Clerk Edie Nash informed the petitioner that the court had not received an appeal of the state habeas court's final order.(3:05cv124, Doc. 1, p. 13). Therefore, petitioner filed an "Objection to the Circuit Court's Refusal to Send Petitioner's Habeas Corpus to the West Virginia Supreme Court of Appeals," with the Circuit Court

---

[1]In Losh, the Supreme Court of Appeals held, "once a circuit court grants a *pro se* habeas corpus petition and appoints counsel for the petitioner, both counsel and the petition must raise all issues which are known to them or which with reasonable diligence, would become known to them." 277 S.E.2nd at 610-11.

4

in Morgan County (3:05cv124, Doc. 1, p. 22).

On December 9, 2005, petitioner filed an original jurisdiction petition for writ of habeas corpus with the West Virginia Supreme Court of Appeals. In that petition, petitioner alleged the following grounds for relief:

> (1) It was error for the Circuit Court of Moran County, West Virginia, to refuse the petitioner an alternative paternity-DNA test to counter the State-prosecutor David Savasten's testing done by Labcorp. in Martinsburg, WV. This is in violation to the Fifth Amendment to the United States Constitution as well as § three-fourteen of the West Virginia Constitution.
>
> (2) It was error on ineffective assistance of counsel for attorney David Downes to stipulate that the alleged victim's child belonged to the defendant at the May 22, 2001 bench trial without utilizing the defendant's right to an alternative DNA test as authorized by the W.Va. Rules of Criminal Procedure, Chapter Seven. This is also in violation to the Fifth Amendment to the United States Constitution and three-fourteen to the W.Va. Constitution.

On May 11, 2006, the West Virginia Supreme Court of Appeals denied the petition. (Doc. 18-19, p. 2).

On January 26, 2006, the petitioner filed a second habeas petition with the Circuit Court of Morgan County, West Virginia, raising the following grounds for relief:

> (1) It was error of habeas appellate counsel Christopher J. Prezioso to fail to prosecute the petitioner's habeas appeal at the Supreme Court of West Virginia after the order was signed into law on May 16, 2005 by the Honorable Judge David Saunders in violation to the Sixth Amendment and Fourteenth Amendments to the United States Constitution, and Article 3 § 14 of the West Virginia Constitution.
>
> (2) It was error of appellate counsel for attorney Christopher J Prezioso to compel the petitioner to testify against himself in statements made during the October 28, 2004 evidentiary hearings. It was further error for Mr. Prezioso to fail to object to the state's final order dated May 7, 2005. This is in violation to the United States Constitution and Article 3 § 14 of the West Virginia Constitution.
>
> (3) The record of the petitioner's trial shows that there were numerous errors

committed on the face of the record. Thus the petitioner cites cumulative error in violation to the Fifth Amendment of the United States Constitution and Article 3 § 14 of the West Virginia Constitution.

(Doc. 18-11).

On May 12, 2006, the habeas court summarily dismissed the petition finding that it was not ripe for adjudication because petitioner's first habeas appeal was still pending.(Doc. 18-12).[2] Without a disposition on the merits of the claims, the petitioner appealed the denial of his second petition on July 25, 2006. By order entered December 6, 2006, the WVSCA denied the petition.(Doc. 18-13).On February 23, 2007, the petitioner filed a *pro se* appeal of the denial of his first State habeas along with a motion to appeal, out-of-time with the West Virginia Supreme Court claiming the following grounds:

1. State Trooper Platt, knowingly and intelligently brought the indictments up on the petitioner along with state prosecutor David Savasten, in the April 2000 term of the Morgan Grand Jury in West Virginia for an alleged Hampshire County W.Va criminal offense which occurred in the Bloomery District of Hampshire County, W.Va., in July of 1999. Thus the indictments were tainted and illegal, out of venue, this is in violation to the Third, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article 3 § 14 of the West Virginia Constitution.

2. The Honorable Judge Gray Silver, III, committed prejudicial and reversible error when he convicted the Petitioner at the end of the bench trial held on May 22, 2001. Since the alleged criminal offense occurred in Hampshire County, W.Va. and not in Morgan County, W.Va.. Thus the jurisdiction was improper and out of venue in violation to the Fifth and Fourteenth Amendments the United States Constitution and Article 3 § 14 of the West Virginia Constitution.

3. The bench trial in the petitioner's case was held out of venue from where the alleged offenses occurred, thus the trial was illegal, in violation to the Sixth

---

[2]It is unclear to the undersigned why the habeas court thought that an appeal of the petitioner's first habeas was pending in the WVSCA. The record indicates that the petitioner did not file his appeal until February 23, 2007.

6

Amendment of the United States Constitution and Article 3 §14 of the West Virginia Constitution.

4. The petitioner was refused the right to have a jury trial conducted in the venue where the charged offense occurred. Thus his right to a jury trial was violated in violation to the Eighth Amendment to the United States Constitution and Article 3 § 13 of the West Virginia Constitution.

5. The trial court in the petitioner's case imposed an illegal sentence against the Petitioner in Morgan County West Virginia and did not have the venue to impose any sentence at all over the petitioner on January 14, 2002. This is in violation of the Eighth and the Fourteenth Amendments of the United States Constitution and Article 3 § 14 of the West Virginia Constitution.

6. The Honorable Judge Gray Silver, III, allowed the indictments, trial, conviction and sentencing of the petitioner in Morgan County, W.Va. for an alleged Hampshire County W.Va. Criminal offense he had neither the jurisdiction nor the venue to hold any of the criminal proceedings connected with the Petitioner's new trial. The Honorable Judge Gray Silver, III fradulated [sic] the official record of law in retaliation for the tactics that the petitioner and his trial counsel used at the bench trial held on May 22, 2001. Thus the petitioner cites trial court corruption in violation to the Eighth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article 3 §4 and 35 of the West Virginia Constitution.

7. It was error of ineffective assistance of trial counsel of attorney David Downes to preponder [sic] the evidence at the bench trial held on May 22, 2001. This is in violation to the Sixth and Fourteenth Amendments to the United States Constitution and Article 3 § 14 of the West Virginia Constitution.

8. It was error of Appellant habeas counsel Christopher J. Prezioso to compel the petitioner to testify against himself at the evidentiary hearing held on October 28, 2004. It was further error for Mr. Prezioso to fail to object to the State's order which was signed into law on May 7, 2005. This is in violation to the Sixth and Fourteenth Amendments to the United States Constitution and Article 3 § 14 of the West Virginia Constitution.

9. It was error of prosecutorial misconduct for the prosecutors of Morgan County David Savasten, Stephanie Saunders, and Debbie McLaughlin, to allow a trial to continue in their venue of Morgan County, W.Va. for an alleged Hampshire County criminal offense. It is further error for these prosecutors to defraud the official record with false and misleading information this is in violation to the Fourteenth Amendment of the United States Constitution and Article 3 § 13, and 3 § 5 of the West Virginia Constitution.

10. The petitioner was sentenced to a grossly disproportionate sentence than his codefendant Richard Corbin, II, roughly the same age as the petitioner, after pleading guilty to the exact same offense that the petitioner was convicted of. Mr. Corbin received a 1-5 year term and the petitioner received a 15-35 year term of incarceration. The petitioner believes there is disparity of sentences between himself and his codefendant, in violation to the Eighth Amendment of the United States Constitution and Article 3 § 5 of the West Virginia Constitution.

11. The record of the petitioners trial shows that there were numerous errors committed on the face of the record. Thus the petitioner cites cumulative error in violation to the Fourteenth Amendment to the United States Constitution and Article 3 § 14 to the West Virginia Constitution.

(Doc. 18-10, pp. 8-11).

By order dated May 10, 2007, the WVSCA refused the petitioner's motion to appeal out-of-time without addressing the merits of the appeal, but granted the petitioner leave to filed a separate state habeas petition and motion for appointment of counsel raising all issues not previously adjudicated to finality. (Doc. 18-10, p. 2).

On February 23, 2007, the petitioner also filed a third *pro se* petition for a writ of habeas corpus. The petitioner, by counsel, filed an amended petition in support on March 22, 2010. The petitioner claimed the following grounds for relief:

(1) Ineffective assistance of trial counsel.

(2) Ineffective assistance of habeas counsel.

(3) Excessive sentence.

By order entered November 23, 2010, the state habeas court found that all claims raised by the petitioner, except ineffective assistance of habeas counsel were either expressly waived by the petitioner pursuant to Losh or previously addressed in the petitioner's first habeas proceeding and were *res judicata*. The Court further found that petitioner's claim of ineffective assistance of habeas

counsel was set forth in the petitioner's appeal of his fourth habeas petition pending in the WVSCA by that time, and ruled it was not ripe for review. (Doc. 18-16). The petitioner did not appeal this decision.

On June 17, 2009, the Petitioner filed his fourth petition for habeas relief with the Morgan County Circuit Court. The state habeas court denied the petition by order entered October 30, 2009. The petitioner's appeal of this order was still pending in the WVSCA when the respondent filed his answer in this matter. Accordingly, the records in that case are unavailable, and the respondent does not indicate what grounds were raised, nor the circuit court's basis for denying said writ.

On November 23, 2009, the petitioner filed a second petition for writ of habeas corpus under the WVSCA's original jurisdiction claiming the following grounds for relief:

1. State Trooper Platt, knowingly and intelligently brought the indictments up on the petitioner along with state prosecutor David Savasten, in the April 2000 term of the Morgan Grand Jury in West Virginia for an alleged Hampshire County W.Va criminal offense which occurred in the Bloomery District of Hampshire County, W.Va., in July of 1999. Thus the indictments were tainted and illegal, out of venue, this is in violation to the Third, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article 3 § 14 of the West Virginia Constitution.

2. The Honorable Judge Gray Silver, III, committed prejudicial and reversible error when he convicted the Petitioner at the end of the bench trial held on May 22, 2001. Since the alleged criminal offense occurred in Hampshire County, W.Va. and not in Morgan County, W.Va.. Thus the jurisdiction was improper and out of venue in violation to the Fifth and Fourteenth Amendments the United States Constitution and Article 3 § 14 of the West Virginia Constitution.

3. The bench trial in the petitioner's case was held out of venue from where the alleged offenses occurred, thus the trial was illegal, in violation to the Sixth Amendment of the United States Constitution and Article 3 §14 of the West Virginia Constitution.

4. The petitioner was refused the right to have a jury trial conducted in the venue where the charged offense occurred. Thus his right to a jury trial was violated

in violation to the Eighth Amendment to the United States Constitution and Article 3 § 13 of the West Virginia Constitution.

5. The trial court in the petitioner's case imposed an illegal sentence against the Petitioner in Morgan County West Virginia and did not have the venue to impose any sentence at all over the petitioner on January 14, 2002. This is in violation of the Eighth and the Fourteenth Amendments of the United States Constitution and Article 3 § 14 of the West Virginia Constitution.

6. The Honorable Judge Gray Silver, III, allowed the indictments, trial, conviction and sentencing of the petitioner in Morgan County, W.Va. for an alleged Hampshire County W.Va. Criminal offense he had neither the jurisdiction nor the venue to hold any of the criminal proceedings connected with the Petitioner's new trial. The Honorable Judge Gray Silver, III fradulated [sic] the official record of law in retaliation for the tactics that the petitioner and his trial counsel used at the bench trial held on May 22, 2001. Thus the petitioner cites trial court corruption in violation to the Eighth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article 3 §4 and 35 of the West Virginia Constitution.

(Doc. 18-20). The WVSCA refused the petition by order entered on February 11, 2010. (Id.).

**D. Petitioner's Federal Habeas Proceedings**

On November 22, 2005, the petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 with this Court claiming the following grounds for relief:

1. Illegal sentence, trial, indictments, and refusal of a jury trial by reason of improper venue.

2. Ineffective assistance of habeas and trial counsel.

3. Corruption of the trial court judge and the prosecuting attorneys of Morgan County by reason of venue.

4. Cumulative error and disparity of sentences with the codefendant.

On January 30, 2007, the Honorable John S. Kaull, United States Magistrate Judge, issued an Opinion/Report and Recommendation recommending that the petition be dismissed for failure to exhaust available state remedies. On February 22, 2007, the Honorable Irene M. Keeley, United

States District Judge, adopted the finding of Magistrate Judge Kaull and dismissed the petition for failure to properly exhaust state remedies.[3]

On November 18, 2010, the petitioner filed the instant § 2254 petition claiming the following grounds for relief:

1. Improper venue, sentence, trial and other illegal issues arising from this ground.

2. Tainted DNA tests were done for the prosecutor and none for the Petitioner.

3. Trial court corruption, prosecutorial misconduct, cumulative error.

The petitioner raised the following additional grounds in his attached memorandum in support:

1. State Trooper Platt, knowingly and intelligently brought the indictments up on the petitioner along with state prosecutor David Savasten in the April 2000 term of the Morgan County West Virginia Grand Jury for an alleged criminal offense that occurred in Hampshire County West Virginia. The indictments tainted and out of venue in violation of Amendments 3, 5, 6 and 14 of the United States Constitution and Article 3 §14 of the U.S. Constitution and also Article 3 § 14 of the West Virginia Constitution.

2. The Honorable Judge Gray Silver, III, committed prejudicial and reversible error when he convicted the Petitioner at the end of the bench trial held on May 22, 2011, as the alleged criminal offense occurred in Hampshire County and not Morgan County, WV. In violation of the petitioner's right to be tried in the current jurisdiction of where the alleged criminal offense occurred. This is in violation to Amendment 5 and 14 of the U.S. Constitution and also Article 3 §4 of the WV Constitution.

3. The bench trial was held out of the venue where the alleged offense occurred in violation to Amendment 6 of the U.S. Constitution and Article 3 § 14 of the WV Constitution.

4. The petitioner was refused the right to have a jury trial conducted, also in the venue where the alleged offenses occurred, thus his right to a jury trial was violated in violation to Amendment 8 of the U.S. Constitution and Article 3

---

[3] The entire file of Civil Action No.3:05cv124 is available on CM/ECF and some exhibits from that file have been referenced in this Report and Recommendation.

§13 of the WV Constitution.

5. The trial court judge, The Honorable Gray Silver, III, imposed a sentence of 15-35 years in prison on January 14, 2002 while at the same time knowing that there was no criminal act committed in Morgan County WV as proven at the bench trial. The trial court judge was out of venue and this is in violation to Amendment 8, and 14 of the U.S. Constitution and Article 3 § 14 of the WV Constitution.

6. The Honorable Judge Gray Silver, III, allowed the bench trial conviction, indictments and sentencing of the Petitioner in Morgan County WV. For an alleged offense that occurred in Hampshire County, WV while at the same time knowing that he has neither the jurisdiction or venue to allow this to occur. The Petitioner cites trial court corruption in violation to Amendment 5,6,8 and 14 of the U.S. Constitution and article 3 § 5 & 14 of the WV Constitution.

7. It was error of ineffective assistance of trial counsel for attorney David Downes to preponder the evidence at the beginning of the May 22, 2001 bench trial in violation to Amendments 5 of the U.S. Constitution and Article 3 § 14 to the WV Constitution.

8. It was error of appellate counsel Christopher Prezioso to compel the petitioner to testify against himself at the evidentiary hearing held on October 28, 2004, and also failure to object to the final order of the first habeas corpus trial of May 7, 2005. This is in violation to Amendment 6 And 14 to the U.S. Constitution and Article 3 §14 of the WV Constitution.

9. In was error of prosecutorial misconduct for David Savasten, Stephanie Saunders and Debbie McLaughlin to allow this trial to continue in Morgan County, WV out of venue for an alleged Hampshire County, WV offense. This is in violation of Amendment 14 of the U.S. Constitution and Article 3 § 5, 13, & 14 of the WV. Constitution.

10. The petitioner was sentenced to a grossly disproportionate sentence than his codefendant Richard Corbin II as the petitioner received 15-35 years and Mr. Corbin received only a 1-5 year sentence for the exact same Alleged criminal offense. This is in violation to Amendment 8 of the U.S. Constitution and Article 3 § 5 of the WV. Constitution.

11. The record of the petitioner's trial shows cumulative error in violation to Amendment 14 of the U.S. Constitution and Article 3 § 14 to the WV. Constitution.

### E. The Respondent's Motion to Dismiss

In his motion to dismiss, the respondent argues that the petitioner has failed to properly exhaust any claims raised in his § 2254 petition and has no further available state court remedies. More specifically, the respondent argues that the petitioner was given a full round of review within the meaning of state law but failed to adhere to proper procedural requirements for putting his claims properly before the state's highest court in a manner that would fulfill federal exhaustion requirements. Therefore, the respondent argues that the petitioner is without available state court remedy to exhaust any of the claims raised in his § 2254 petition and is now barred from review of those claims in federal court.

### F. Petitioners' Reply

In his reply to the respondent's motion to dismiss, the petitioner appears to assert that the procedural bar should not apply because his counsel failed to appeal his first habeas denial within the 120-day deadline period. Moreover, the petitioner contends that he raised all of the grounds stated in his § 2254 petition in his fourth habeas petition filed with the Morgan County Circuit Court on June 17, 2009 and denied on October 30, 2009. Accordingly, the petitioner argues that when the WVSCA rules on the appeal with prejudice, he will have exhausted his state court remedies.

## II. Analysis

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. § 2254(b). Absent a valid excuse, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d

907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32 (2004); see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[4] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to

---

[4] Picard v. Connor, 404 U.S. 270 (1971).

the fact that the prisoners are asserting claims under the United States Constitution If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365 (1995). Further, in addition to providing the state court with the facts supporting the claimed constitutional violation, the petitioner must also "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F. 3d 991, 994 (4th Cir. 1994).

The petitioner appealed his conviction to the West Virginia Supreme Court of Appeals. Therefore, any federal claims raised on direct appeal would be exhausted for purposes of federal habeas review. However, as noted by Magistrate Judge Kaull in his Opinion/Report and Recommendation that the petitioner's first habeas be denied, a review of the petitioner's direct appeal shows that the only ground raised on direct appeal and in the petitioner's federal habeas petition relates to improper venue in Morgan County. However, no where in his petition for appeal does the petitioner mention or even allude to a federal claim with regard to this ground. Thus, because the petitioner failed to identify plainly his claim as one arising under the federal constitution or federal law, the petitioner failed to present the substance of his federal claim to the state court. See Matthews v. Evatt, supra.

In addition to his venue claim, the petitioner also raised two Sixth Amendment ineffective assistance of counsel claims on direct appeal. Specifically, the petitioner challenged trial counsel's failure to ensure that his waiver of a jury trial was knowing and voluntary and counsel's failure to file a Rule 12(b)(3) request that the trial court judge conduct a voluntariness hearing regarding the admissibility of the petitioner's statement and the trial judge's failure to inquire whether the

petitioner's decision to waive his right to voluntariness hearing was knowing, intelligent and voluntary. Although the petitioner has raised claims of ineffective assistance of counsel in his instant federal habeas petition, none of those claims are related to the ineffective assistance of counsel claims made by the petitioner on direct appeal. Thus, the petitioner's ineffective assistance of counsel claims were not exhausted on direct review. Accordingly, none of the issues raised in his instant federal habeas were exhausted by his direct appeal.

As previously noted, in West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. The findings of the state habeas court in his first petition for state habeas were the only findings on the merits that could form the foundation of subsequent exhaustion through proper state court proceedings. However, because the WVSCA refused the petitioner's motion to file an appeal out-of-time[5], no appeal of the petitioner's first state habeas was ever filed, and the petitioner's claims remain unexhausted.

The undersigned recognizes that in his reply to the respondent's motion, the petitioner asserts that the failure to appeal his state habeas petition was through no fault of his own and that his habeas counsel failed to file the appeal as directed. (Doc. 28). In support of this claim, the petitioner asserts that he filed a complaint against counsel based on his appeal advice. (Doc. 28, p. 3). During those proceedings, the petitioner's state habeas counsel filed a response to the petitioner's

---

[5]Pursuant to Rule 3 of the West Virginia Rules of Appellate Procedure, the petitioner had until September 13, 2005, to file an appeal. The petitioner filed no motions for extensions of time and did not file a motion to appeal out-of-time until February 23, 2007 – almost a year and a half after the expiration of time for review.

allegations. (Doc. 28-2) In that response, the petitioner's state habeas counsel asserts that after the petitioner's omnibus evidentiary hearing and the denial of his request for state habeas relief, counsel was appointed to represent the petitioner on appeal of his state habeas petition. When counsel consulted with the petitioner about the possibility of filing an appeal, the petitioner told counsel that he was frustrated with the West Virginia State Court System and that instead of filing a state habeas appeal, the petitioner wished to institute a federal habeas proceeding. (Doc. 28-2, pp. 4-5). Counsel advised the petitioner that the order of the state court preserved his right to a federal appeal because it stated that it resolved all of the petitioner's state level habeas issues. (Doc. 28-2, p. 5) In addition, counsel states that "it seems clear to Counsel that Mr. Forney's rights have been protected and that he can file his Federal Habeas Corpus Appeal." Id.

Pursuant to 28 U.S.C. § 2254 (i), a claim of ineffective assistance of post conviction counsel cannot serve as a basis for relief in federal habeas proceedings. In Pennsylvania v. Finley, 481 U.S. 551, 554 (1987), the Supreme Court held that there is no constitutional right to an attorney in state post conviction proceedings. Because the petitioner had no constitutional right to the effective assistance of counsel during his post conviction proceedings, it follows that he also does not have a constitutional right to the effective assistance of counsel with respect to raising those matters on appeal. See Lowe-Bey v. Groose, 28 F.3d 816, 818 (8th Cir. 1994). Accordingly, even if the petitioner was misadvised by post conviction counsel as to his right to federal habeas review without first appealing the denial of his state habeas petition to the West Virginia Supreme Court of Appeals, such a claim does not excuse the petitioner's failure to properly exhaust.

The undersigned recognizes that the petitioner alleges that he filed the "exact same original

17

writ" which was denied by the Circuit Court of Morgan County on October 30, 2009.[6] The petitioner further maintains that he appealed to the WVSCA on December 15, 2009, and "will perfectly exhaust those claims when ruled on with prejudice, thus making the entire federal appeal legal and exhausted." (Doc. 28, p. 6). However, in an unanimous Memorandum Decision issued on September 23, 2011, the WVSCA found no error by the circuit court and affirmed the Order Dismissing Petition for Writ of Habeas Corpus. In its decision, the WVSCA notes that the petitioner raised three grounds for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of habeas counsel; and (3) excessiveness of his sentence. The circuit court found, and the WVSCA agreed that Grounds One and Three "have been previously and finally ADJUDICATED; therefore the petitioner is barred from presenting those same grounds in the pending petition."[7] Therefore, the petitioner's appeal of his fourth state habeas petition does not serve to exhaust any of the claims which might otherwise be properly presented to this Court.[8]

Finally, the fact that the WVSCA refused the petitioner's two original jurisdiction petitions does not make the petitioner's federal habeas claims any more exhausted. It is well settled in this jurisdiction that "unless with prejudice, summary dismissals of habeas petitions invoking the original jurisdiction of the West Virginia Supreme Court will not satisfy exhaustion requirements." Moore v. Kirby, 879 F.Supp 592, 593 (S.D.W.Va. 1995). The Supreme Court's refusal to issue a rule to show cause is considered a summary dismissal. See McDaniel v. Holland, 631 F. Supp.

---

[6]The petitioner is apparently referring to the fourth petition for habeas relief filed with the Morgan County Circuit Court on June 17, 2009.

[7]The decision is available on line at: http://law.justia.com/cases/west-virginia/supreme-court/2011/091823-8.html.

[8]Again, pursuant to 28 U.S.C. § 2254(i), a claim of ineffective assistance of post conviction counsel cannot serve as a basis for relief in federal habeas proceedings.

18

1544, 1546 (S.D.W.Va. 1986); W.Va. Rules App.Proc. 14(c) (the refusal to issue a rule to show cause is presumed to be without prejudice unless specifically noted otherwise)[9]. The Supreme Court of Appeals' orders refusing the original jurisdiction petitions by the petitioner in this case do not state that such refusal is with prejudice. (Docs. 18-19, p. 2 and 18-20, p. 2). Accordingly, because the West Virginia Supreme Court of Appeals did not refuse Petitioner's original jurisdiction petitions with prejudice, the exhaustion requirement is still unsatisfied.

In summary, the only proceeding in which the petitioner received full review and a finding on the merits of his claims was his first state habeas corpus proceeding. However, the petitioner's appeal from that decision was never filed because the WVSCA denied his motion to file out-of-time. All subsequent state habeas petitions filed by the petitioner in the Morgan County Circuit Court were either denied summarily, as *res judicata*, or as having been expressly waived pursuant to Losh. The only claim not dismissed as *res judicata* or waived was the petitioner's claim of ineffective assistance of habeas counsel which cannot serve as a basis for a federal habeas claim. Because the petitioner has failed to properly present his claims, he is procedurally barred from ever exhausting them because he cannot show cause for his default. Therefore, this Court can never grant him relief.

### III. Recommendation

For the reasons set forth above, it is recommended that the respondent's Motion to Dismiss for failure to exhaust (Doc. 18) be **GRANTED** and petitioner's § 2254 petition be **DISMISSED with PREJUDICE.**

---

[9]This rule was in effect until December 1, 2010, and therefore applies to both petitions filed under the original jurisdiction of the WVSCA.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* petitioner Christopher Michael Forney.

**DATED**: November 30, 2011

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE