IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

CHRISTOPHER MICHAEL FORNEY,

    Petitioner,

v.                                                                           Civil Action No. 2:10-CV-128
                                                                           (Bailey)

WARDEN DAVID BALLARD,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge David J. Joel [Doc. 29]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R on November 30, 2011 [Doc. 29]. In that filing, the magistrate judge recommends that the respondent's Motion to Dismiss Petition for Failure to Exhaust Available State Remedies [Doc. 18] be granted and the petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] be dismissed with prejudice [Doc. 29 at 19].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket reflects that service was accepted on December 2, 2011 [Doc. 30]. Petitioner timely filed his objections on December 8, 2011 [Doc. 31]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## II. Factual and Procedural History

### A. Sentence and Conviction

In April 2000, petitioner was charged with first degree sexual assault, first degree sexual abuse, and contributing to the delinquency of a minor [Doc. 18-1]. Petitioner was convicted of all three counts on May 22, 2001, after a bench trial [Doc. 18-2]. On January 14, 2002, the petitioner was sentenced to the following consecutive sentences: (1) fifteen to thirty-five years for the first degree sexual assault count, (2) one to five years for the first degree sexual abuse count, and (3) one year in county jail for the contributing to the delinquency of a minor count [Doc. 18-3 at 4]. The Court later ordered that the sentences run concurrently [*See* Doc. 18-6, n.1 at 4]. On August 14, 2003, petitioner appealed his conviction and sentence to the West Virginia Supreme Court of Appeals on various grounds of trial court error and ineffective assistance of counsel claims [Doc. 18-4]. The West Virginia Supreme Court of Appeals denied his appeal on November 19, 2003 [*Id.* at 2].

### B. State Habeas Proceedings

On December 1, 2003, the petitioner filed his first state habeas petition, including claims of absence of jurisdiction, ineffective assistance of trial counsel, prosecutor's conflict of interest, witness perjury, and trial court error [Doc. 18-8]. Petitioner filed an amended petition after counsel was appointed [*See* 3:05-cv-124 Doc. 11-9]; the amended petition included the following supplemental grounds for relief: additional ineffective assistance of counsel claims, improper venue, and excessive sentence. The habeas petition was denied on May 13, 2005 [*See* Doc. 18-9]. In its order, the Circuit Court of Morgan County, West Virginia, found that petitioner had "knowingly and intelligently waived all grounds for relief other than" his ineffective assistance of counsel claim, his improper venue claim, and his excessive sentence claim [*Id.* at 4]. However, the court found that the petitioner had "failed to establish a right to relief" on any of those grounds [*Id.* at 9, 14, and 18] and, accordingly, denied his petition [*Id.* at 18].

On October 27, 2005, the petitioner filed an "Addendum to Writ of Habeas Corpus Subjiciendum Pro-Se" with the West Virginia Supreme Court of Appeals [3:05-cv-124 Doc. 11-11], which was received by the court on November 7, 2005 [3:05-cv-124 Doc. 11-13]. In the filing, the petitioner stated that he was submitting the addendum to the "petition that counsel Christopher Prezioso sent in [May 2005]" [*Id.* at 2]. However, on November 8, 2005, the Office of the Clerk for the West Virginia Supreme Court of Appeals informed the petitioner that no such petition for appeal had been received [3:05-cv-124 Doc. 1 at 13]. The petitioner then filed an "Objection to the Circuit Court's Refusal to Send Petitioner's Habeas Corpus to the West Virginia Supreme Court of Appeals" with the Circuit Court of Morgan County, West Virginia [*Id.* at 22]. On December 9, 2005, the petitioner filed his first original jurisdiction petition for a writ of habeas corpus ad subjiciendum with the West

Virginia Supreme Court of Appeals [Doc. 18-19]. The petition included claims of trial court error and ineffective assistance of counsel [*Id.*]. The West Virginia Supreme Court of Appeals denied the petition on May 11, 2006 [*Id.* at 2].

On January 26, 2006, the petitioner filed his second state habeas petition with the Circuit Court of Morgan County, West Virginia [Doc. 18-11 at 2]. The petition included the following grounds for relief: ineffective assistance of habeas appellate counsel claims and various trial court errors [*Id.*]. The circuit court entered an Order Dismissing Petition for Writ of Habeas Corpus Ad Subjiciendum Without Prejudice on May 2, 2006 [Doc. 18-12]. Although the record reflects that the petitioner filed his appeal of the first state habeas petition in February 2007, the circuit court noted in its order that, "[a]s of May 1, 2006, the clerk for the [West Virginia] Supreme Court of Appeals confirmed that the Supreme Court ha[d] not decided whether to grant or refuse [p]etitioner's appeal for his First Habeas Petition and his Motion for Reconsideration of Sentence" [*Id.* at 4].

The petitioner appealed the denial of his second petition on July 25, 2006 [*See* Doc. 18-13]. The West Virginia Supreme Court of Appeals refused the appeal on December 6, 2006 [*Id.* at 2]. On February 23, 2007, the petitioner filed a *pro se* motion for leave to file a petition for appeal from the denial of the first state petition for writ of habeas corpus out-of-time [*See* Doc. 18-10]. The petitioner claimed the following grounds for relief: improper venue, various trial court errors, excessive sentence, absence of jurisdiction, ineffective assistance of trial counsel, prosecutorial misconduct, and disproportionate sentence to co-defendant [*Id.*]. The West Virginia Supreme Court of Appeals denied this motion on May 10, 2007 [*Id.* at 2]; however, the West Virginia Supreme Court of Appeals granted the petitioner "leave to file a separate Petition for Writ of Habeas Corpus and motion for

4

appointment of counsel raising all issues not previously adjudicated to finality" [*Id.*].

Also on February 23, 2007, the petitioner filed his third Petition for Writ of Habeas Corpus with the Circuit Court of Morgan County [Doc. 18-12]. The petition included grounds for relief based upon ineffective assistance of trial and habeas counsel and excessive sentence claims [*Id.*]. The petitioner filed an amended petition on March 22, 2010 [Doc. 18-15]. On November 23, 2010, the Circuit Court of Morgan County, West Virginia, entered a Summary Dismissal of Petition for Writ of Habeas Corpus with regard to the petitioner's third habeas petition [Doc. 18-16]. The Circuit Court of Morgan County, West Virginia, found that petitioner's ineffective assistance of trial counsel and excessive sentence claims "ha[d] previously been adjudicated and constitute *res judicata*" [*Id.* at 7]. The circuit court then summarily dismissed without prejudice the remaining ineffective assistance of habeas counsel claim, which it had found was not yet ripe for review [*Id.*].

On June 17, 2009, the petitioner filed his fourth Petition for Writ of Habeas Corpus with the Circuit Court of Morgan County, West Virginia [Doc. 18-17 at 2]. The circuit court dismissed the petition on October 30, 3009 [*Id.*]. The following month, on November 23, 2009, the petitioner filed his second original jurisdiction Petition for Writ of Habeas Corpus Ad Subjiciendum with the West Virginia Supreme Court of Appeals [Doc. 18-20]. The petition included the following grounds for relief: improper venue and various trial court errors [*Id.*]. The West Virginia Supreme Court of Appeals denied the petition on February 11, 2010 [*Id.*].

### C. Federal Habeas Proceedings

The petitioner filed his first federal petition for writ of habeas corpus under 28 U.S.C.

§ 2254 on November 22, 2005 [3:05-cv-124 Doc. 1].  The petition included the following grounds for relief: improper venue and related arguments, ineffective assistance of trial counsel, ineffective assistance of habeas counsel, and disproportionate sentence with co-defendant [*Id.*].  Magistrate Judge John Kaull entered an Opinion/Report and Recommendation on January 30, 2007, in which he recommended that the petition be dismissed for failure to exhaust available state remedies [3:05-cv-124 Doc. 9].  The Honorable Irene M. Keeley, United States District Judge, adopted the Opinion/Report and Recommendation and dismissed the petition for failure to properly exhaust state remedies on February 22, 2007 [3:05-cv-124 Doc. 21].

On November 18, 2010, the petitioner filed the instant § 2254 petition with this Court [Doc. 1].  The respondent filed a Motion to Dismiss Petition for Failure to Exhaust Available State Remedies [Doc. 18] and a Memorandum of Law in Support of Motion to Dismiss for Failure to Exhaust Available State Remedies [Doc. 19] on March 28, 2011.  The respondent argues that the "petition should be dismissed with prejudice as barred from consideration by this Court because Petitioner failed to adequately exhaust his state remedies and is now procedurally barred from returning to state court" [*Id.* at 32].  The petitioner filed a response thereto [Doc. 28] on April 8, 2011.  In his response, the petitioner argues that "the litigation for [his] federal writ of habeas corpus should proceed and the remaining issues should be held in abeyance while the state's highest court ponders its decision on the current Morgan County Habeas Corpus Appeal" [*Id.* at 8].  On November 30, 2011, Magistrate Judge Joel entered his Report and Recommendation in this proceeding [Doc. 29].  The petitioner timely filed objections thereto on December 8, 2011 [Doc. 31].

6

### III. Applicable Law

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . .." 28 U.S.C. § 2254(b)(1)(A). There are a few limited circumstances in which an application can be considered absent the exhaustion of state remedies. *See* 28 U.S.C. § 2254(b)(1)(B) (listing (I) the absence of available State corrective process or (ii) circumstances that render the State corrective process ineffective to protect the rights of the applicant). Except for these unusual circumstances, state remedies must be exhausted before a petition for writ of habeas corpus can be entertained. **Castille v. Peoples**, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989) (citing **Granberry v. Greer**, 481 U.S. 129, 131 (1987); **Rose v. Lundy**, 455 U.S. 509, 515 (1982)).

"To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." **Matthews v. Evatt**, 105 F.3d 907, 911 (4th Cir. 1997) (internal citations omitted), *cert. denied*, 522 U.S. 833 (1997), *overruled on other grounds by* **United States v. Barnette**, 644 F.3d 192 (4th Cir.2011). A claim meets the "fairly presented" requirement when the "'substance' of [the] federal habeas corpus claim" was presented to the state courts. *Id.* (quoting **Anderson v. Harless**, 459 U.S. 4, 6 (1982) (per curiam) (in turn quoting **Picard v. Connor**, 404 U.S. 270, 278 (1971))). As such, the "fairly presented" requirement contemplates that the same factual grounds and legal theories raised in the federal habeas petition were first presented to the state courts. *See id.* In the state petition, an applicant can easily identify the federal law basis by (1) citing the source

of the federal law, (2) citing a case deciding the type of claim on federal grounds, or (3) labeling the claim as a federal one.  **Baldwin v. Reese**, 541 U.S. 27, 32 (2004).

"A petitioner challenging a state criminal conviction by a federal habeas corpus action in West Virginia can satisfy the exhaustion requirement by filing a petition for writ of habeas corpus ad subjiciendum in an appropriate state circuit court and, if unsuccessful there, by appealing the denial of the writ to the state Supreme Court."  **Bayerle v. Godwin**, 825 F.Supp. 113, 114 (N.D. W.Va. 1993) (citing W. Va. Code § § 53-4A-1, 53-4A-9 (1981); see also **Moore v. Kirby**, 879 F.Supp. 592, 593 (S.D. W.Va. 1995).   Under 28 U.S.C. § 2254, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."   28 U.S.C. § 2254(c).

The petitioner bears the burden of proving that the exhaustion requirement has been met.  **Breard v. Pruett**, 134 F.3d 615, 619 (4th Cir. 1998).  If a petitioner presents new factual grounds or legal theories in the federal habeas petition, then the exhaustion requirement has not been met.  *Id.*; see also **Matthews**, 105 F.3d at 911.  Merely providing to the state court the factual grounds in support of a constitutional violation does not meet the "fairly presented" requirement.  **Mallory v. Smith**, 27 F.3d 991, 994 (4th Cir. 1994).  The petitioner must explain how the alleged factual grounds establish a violation of the petitioner's constitutional right(s).  *Id.*

### IV.  Discussion

For the reasons that follow and the reasons more fully stated in the magistrate

judge's R&R, this Court concludes that the magistrate judge's Report and Recommendation should be adopted.

### A. Analysis

Any federal claim raised and identified as a federal claim in the petitioner's appeal of his conviction to the West Virginia Supreme Court of Appeals would be exhausted for purposes of federal habeas review. See **Bayerle**, 825 F.Supp. at 114. Petitioner raised an improper venue argument in his direct appeal and federal habeas petition; however, he failed to clearly identify this argument in his federal habeas petition as one arising under the federal constitution or federal law. As such, this argument was not fairly presented to the state court. See **Matthews**, 105 F.3d at 911. Although the petitioner raised ineffective assistance of counsel claims in both his direct appeal and in his federal habeas petition, these claims are not the same. The following ineffective assistance of counsel claims are included in the petitioner's federal habeas petition: (1) petitioner's trial counsel "preponder[ing[ the evidence at the beginning of the May 22, 2001[,] bench trial"; and (2) petitioner's appellate counsel "compel[ling] the petitioner to testify against himself . . . and also failure to object to the final order of the first habeas corpus trial . . ." [Doc. 1-1 at 45]. However, these ineffective assistance of counsel claims were not included in the petitioner's petition for appeal [See Doc. 18-4]; therefore, these claims were not exhausted by the petitioner's direct appeal and not fairly presented to the state's highest court.

In addition, any federal claim raised in a state habeas corpus proceeding and, if denied, to the West Virginia Supreme Court of Appeals would meet the fairly presented requirement. The only state habeas corpus proceeding in which the petition received full

9

review and a finding on the merits of his claims was his first state habeas corpus proceeding; however, the petitioner's appeal from that decision was never filed, given the West Virginia Supreme Court of Appeal's denial of the petitioner's motion to file out-of-time. Therefore, the claims presented in the petitioner's first habeas corpus petition were not fairly presented and cannot now serve as the basis for a federal habeas petition. The petitioner's second, third, and fourth state habeas petitions were summarily denied, as *res judicata*, or as having been expressly waived. The only claim that does not fall under this category is the ineffective assistance of habeas counsel. However, a claim of ineffective assistance of post-conviction counsel cannot serve as a basis for relief in a federal habeas proceeding. 28 U.S.C. § 2254(I). Accordingly, there are no claims in the state habeas corpus petitions that can serve as the basis for a federal habeas proceeding.

Petitioner also filed two original jurisdiction habeas corpus petitions with the West Virginia Supreme Court of Appeals, both of which were denied. However, "unless with prejudice, summary dismissals of habeas petitions invoking the original jurisdiction of the West Virginia Supreme Court [of Appeals] will not satisfy exhaustion requirements." **Moore v. Kirby**, 879 F.Supp. 592 (S.D. W.Va. 1995) (citing **McDaniel v. Holland**, 631 F.Supp. 1544 (S.D. W.Va. 1986)). As such, the claims in these two original jurisdiction petitions have not been fairly presented because they were not refused with prejudice by the West Virginia Supreme Court of Appeals.

B.  Petitioner's Objections

Petitioner raises four objections to the Magistrate Judge's conclusions that the § 2254 habeas corpus petition [Doc. 1] should be dismissed with prejudice and the

respondent's Motion to Dismiss Petition for Failure to Exhaust Available State Remedies [Doc. 18] should be granted.

### 1. Valid Excuse: Good Faith Effort

The petitioner notes that the R&R states that "[a]bsent a valid excuse, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies" [Doc. 29 at 13, citing **Castille**, 489 U.S. at 349]. The petitioner attempts to argue that his "good faith effort to comply with state rules" is such a valid excuse [Doc. 31 at 2 (citing **James v. Kentucky**, 406 U.S. 341, 351 (1984))]. The petitioner further argues that his state habeas counsel waived the petitioner's right to future state appeals without the petitioner's permission [*Id.* at 3].

However, as noted above, there are only a few limited situations in which a federal habeas application can be considered absent the exhaustion of state remedies: (1) where there is an absence of available State corrective process or (2) where circumstances render the State corrective process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). Except for these unusual circumstances, state remedies must be exhausted before a petition for writ of habeas corpus can be entertained. **Castille**, 489 U.S. at 349 (citing **Granberry**, 481 U.S. at 131; **Rose**, 455 U.S. at 515). The petitioner has not argued that his "valid excuse" falls under either of these categories. Furthermore, this Court notes that the case to which the petitioner refers does not discuss any "good faith effort" exception to the exhaustion requirement; in fact, the case does not even pertain to habeas petitions. Accordingly, this Court finds that the exhaustion requirement is applicable to the instant case and, hereby, **OVERRULES** the petitioner's objection on this

issue.

### 2. Ruling Based upon Prejudice

The petitioner states that the West Virginia courts favor the government because it is an employer in the state [Doc. 31 at 4]. Even if this Court were to liberally construe this statement as an argument under 28 U.S.C. § 2254(b)(1)(B)(ii) that "circumstances exist that render [the State corrective] process ineffective to protect the rights of the applicant," the petitioner has failed to allege any facts to support the alleged prejudice. Accordingly, this Court hereby **OVERRULES** the petitioner's objection on this issue.

### 3. Ineffective Assistance of Habeas Counsel

The petitioner raises various examples of alleged ineffective assistance of his habeas counsel as a basis for failing to exhaust state remedies [Doc. 31 at 2-3; *see also* Doc. 28]. However, a claim of ineffective assistance of post-conviction counsel cannot serve as a basis for relief in a federal habeas proceeding. 28 U.S.C. § 2254(i). Accordingly, this Court hereby **OVERRULES** the petitioner's objection on this issue.

### 4. Absence of Jurisdiction

The petitioner argues that he should be unconditionally released based upon an "absence of jurisdiction" theory. However, the Seventh Circuit Court of Appeals case upon which the petitioner relies does not stand for the proposition that he should be unconditionally released. See **Walberg v. Israel**, 776 F.2d 134 (7th Cir. 1985). The case dealt with a Federal Rule of Appellate Procedure Rule 23(c) issue of the release of a petitioner pending review of a habeas corpus decision ordering the release of the prisoner. See *id.* at 135. As such, this Court hereby **OVERRULES** the petitioner's objection on this

issue.

### V. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 29]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the plaintiff's Objections **[Doc. 31]** are **OVERRULED**. Accordingly, respondent's Motion to Dismiss Petition for Failure to Exhaust Available State Remedies **[Doc. 18]** is hereby **GRANTED** and petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 **[Doc. 1]** is hereby **DENIED** for the reasons stated above, **DISMISSED WITH PREJUDICE**, and **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: January 9, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE

13